UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00391-FDW-DCK

| RICHARD QUINN, JR., | ) |
| :--- | :--- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 14). Also before the Court are Plaintiff's Motion for Entry of Default (Doc. No. 13) and Motion for Injunctive Relief (Doc. No. 23), as well as Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. No. 26). For the reasons that follow, Plaintiff's Motion for Entry of Default (Doc. No. 13) is DENIED AS MOOT, Defendant's Motion to Dismiss (Doc. No. 14) is GRANTED, and Plaintiff's Motion for Injunctive Relief (Doc. No. 23) and Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. No. 26) are DENIED AS MOOT.

I.  **BACKGROUND**

Plaintiff, who is proceeding pro se, filed his original complaint on August 9, 2019. (Doc. No. 1). On September 12, 2019, Plaintiff filed an amended complaint, which was served on Defendant North Carolina Department of Health and Human Services on September 16, 2019. (Docs. Nos. 7, 10). The crux of Plaintiff's amended complaint is his allegation that the State of North Carolina, through the Department of Health and Human Services, manipulated Plaintiff into

1

signing a contract creating a debt arising out of his child support obligations. (Doc. No. 7, p. 6). As such, Plaintiff brought his claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, based on the state's attempts to collect past due child support. Id. at 8; 15 U.S.C. § 1681. Plaintiff also alleges claims under 42 U.S.C. § 1983 and Title IV-D of the Social Security Act, as well as for defamation and intentional infliction of emotional distress, which are likewise based on the state's collection attempts. (Doc. No. 7, p. 10-12, 21). To the extent Plaintiff raises other causes of action in the amended complaint, they are undiscernible.

Plaintiff filed a Motion for Entry of Default on September 27, 2019, citing Defendant's failure to answer the original complaint. (Doc. No. 13). Defendant subsequently filed its Motion to Dismiss (Doc. No. 14) and response to Plaintiff's Motion for Entry of Default (Doc. No. 16). After the Court issued a Roseboro notice (Doc. No. 18), Plaintiff filed a response to the motion to dismiss (Doc. No. 19). Not long thereafter, Plaintiff filed a Second Amended Complaint (Doc. No. 22) and Motion for Injunctive Relief (Doc. No. 23), and Defendant filed a Motion to Strike Plaintiff's Second Amended Complaint (Doc. No. 26).

## II. STANDARD OF REVIEW

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review.

Id., at 768-69 (citations omitted).

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true,

3

to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and quotations omitted).

### III. ANALYSIS

#### A. Motion for Entry of Default

In Plaintiff's Motion for Entry of Default (Doc. No. 13), Plaintiff argues that because Defendant did not respond in the appropriate time, the Court should rule in his favor. (Doc. No. 13). "As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000)); see also Geiger v. H.H. Franchising Sys., No. 3:17-cv-00738, 2018 U.S. Dist. LEXIS 98426, at *2 (W.D.N.C. June 11, 2018); Brown v. Phillips, No. 3:16-cv-561-FDW, 2018 WL 576307, at *2 (W.D.N.C. Jan. 26, 2018). Plaintiff filed his original complaint on August 8, 2019, which was served on Defendant on August 13, 2019. (Docs. Nos. 1, 3). After being granted an extension to answer the original complaint, Defendant had until September 26, 2019 to answer the original complaint. (Doc. No.

4

6). On September 12, Plaintiff filed an amended complaint with the Court. (Doc. No. 7). Because the amended complaint superseded the original complaint, there was, in effect, no longer an "original" complaint to which Defendant could respond, much less be liable for default. As a result, Defendant's new time to respond to the amended complaint was October 7, 2019, (Doc. No. 10), and Defendant did, in fact, respond timely to the amended complaint with the motion to dismiss discussed in Section III-B, below. (Doc. No. 14).

### B. Motion to Dismiss

In support of its motion to dismiss, Defendant argues the Eleventh Amendment of the United States Constitution and doctrine of sovereign immunity bars a claim against it, the complaint fails to state a claim upon which relief can be granted, and that neither the original summons and complaint nor the new summons and amended complaint were properly served. (Doc. No. 14, p. 1). In his response, Plaintiff argues the text of the Eleventh Amendment "does not mention suits brought against a state by its own citizens," generally seems to argue Defendant fraudulently induced him into signing a contract for child support, and argues process was served to the best of his ability based on available information, though Plaintiff expresses a willingness to serve process again given more accurate information. (Doc. No. 19, p. 1, 2, 5). Each argument is addressed in turn below.

### 1. Eleventh Amendment, Sovereign Immunity, and Subject Matter Jurisdiction

A motion to dismiss based on sovereign immunity is properly raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Jones v. Union Cty. Sheriff's Office, No. 3:18-CV-00509-KDB-DCK, 2019 WL 5692753, at *6 (W.D.N.C. Nov. 4, 2019); see also Fed. R. Civ. P. 12(b)(1).

Regarding the doctrine of sovereign immunity, the Supreme Court explained last term that:

> The Eleventh Amendment confirmed that the Constitution was not meant to "rais[e] up" any suits against the States that were "anomalous and unheard of when the Constitution was adopted." Hans v. Louisiana, 134 U.S. 1, 18, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Although the terms of that Amendment address only "the specific provisions of the Constitution that had raised concerns during the ratification debates and formed the basis of the Chisholm [v. Georgia, 2 U.S. 419 (1793)] decision," the "natural inference" from its speedy adoption is that "the Constitution was understood, in light of its history and structure, to preserve the States' traditional immunity from private suits." Alden [v. Maine, 527 U.S. 706, 723-24 (1999)] . . . . We have often emphasized that "[t]he Amendment is rooted in a recognition that the States, although a union, maintain certain attributes of sovereignty, including sovereign immunity." Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

Franchise Tax Bd. of Cal. v. Hyatt, ___U.S. ___, 139 S.Ct. 1485, 1496 (2019) (alterations in original and added). Despite the language of the Eleventh Amendment appearing to only apply to a narrow range of circumstances, with the Eleventh Amendment, "Congress acted not to change but to restore the original constitutional design." Alden, 527 U.S. at 722. In other words, the sovereign immunity enjoyed by the states "neither derives from, nor is limited by, the terms of the Eleventh Amendment." Id. at 713; Hyatt, 139 S.Ct. at 1496. Given this sovereign immunity, the Supreme Court "has held that the Constitution bars suits against nonconsenting States in a wide range of cases." Hyatt, 139 S.Ct. at 1496. Not only does this immunity apply to state governments, but it also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," such as a state agency. Will v. Mi. Dep't of State Police, 491 U.S. 58, 70 (1989) (quoting Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

In some situations, a state may waive its sovereign immunity or Congress may abrogate such immunity under Section 5 of the Fourteenth Amendment. Id. at 66. "Generally, [there is] a waiver either if the State voluntarily invokes [federal] jurisdiction, or else if the State makes a clear

declaration that it intends to submit itself to [federal] jurisdiction." Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 675-76 (1999) (quotations and citations omitted). The Fourth Circuit has explained:

> [W]e have recognized two ways in which a State may waive its Eleventh Amendment immunity: (1) expressly in a state statute or constitutional provision, "as long as the provision explicitly specifies the state's intention to subject itself to suit in federal court," or (2) implicitly "by voluntarily participating in federal spending programs when Congress expresses a clear intent to condition participation in the programs . . . on a State's consent to waive its constitutional immunity."

Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474, 491 (4th Cir. 2005) (alteration in original) (quoting Litman v. George Mason Univ., 186 F.3d 544, 550 (4th Cir. 1999).

In Will, the Supreme Court held that, in passing Section 1983, Congress did not intend to abrogate state sovereign immunity. Will, 491 U.S. at 66-68. Similarly, it is clear Congress did not abrogate state sovereign immunity in enacting the Fair Credit Reporting Act. Alexander v. Dist. Court of Md. for Charles Cty., No. DKC 2007-1647, 2008 WL 6124449, at *7, n.9 (D. Md. Mar. 20, 2008). Nor does Title IV-D of the Social Security Act abrogate a state's sovereign immunity. Jenkins v. Massinga, 592 F. Supp. 480, 494 n.12 (D. Md. 1984) (observing that Congress did not require states to waive immunity in order to receive federal funds from Title IV-D). Finally, North Carolina has not consented to suit or otherwise waived sovereign immunity for claims arising out of intentional torts, such as defamation and intentional infliction of emotional distress. Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005) (citing Kawai Am. Corp. v. Univ. of N.C. at Chapel Hill, 567 S.E.2d 215, 218 (N.C. 2002)); Jolly v. Univ. of N.C. at Wilmington, No. 7:09-CV-136-BO, 2010 WL 2024094, at *2 (E.D.N.C. May 19, 2010).

In the present case, and given the causes of action Plaintiff has alleged (violation of Section

7

1983, the Fair Credit Reporting Act, Title IV-D, defamation, and intentional infliction of emotional distress), the State has not waived its sovereign immunity, nor has Congress abrogated immunity. Moreover, Plaintiff has not alleged any waiver by the State for any claims. See (Doc. No. 15, p. 7). Accordingly, the Court lacks jurisdiction to hear Plaintiff's claims.

In addition to the issue of sovereign immunity, "[f]ederal courts have no general power to compel action by state courts. Nor do [they] have jurisdiction to review state court orders." In re Austin, 8 F. App'x 253, 254 (4th Cir. 2001) (per curiam) (citations omitted); see also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) ("As we have noted . . . a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in this Court."). Although Plaintiff claims to be disputing "a fraudulent contract that the North Carolina Department of Healthcare and Family Services Division of Child Support Services . . . had me sign my name to . . . unwittingly," (Doc. No. 7, p. 6), the core of Plaintiff's frustration is a state court order signed by the Honorable Jefferson Griffin of Wake County Superior Court. (Doc. No. 15-1). Most notably, the order was to be reviewed one year after it was effective, and Plaintiff did not appeal the order to the North Carolina Court of Appeals. (Doc. No. 15, p. 12; Doc. No. 15-1, p. 3). It was thus a court order, and not a contract, that created Plaintiff's obligation to pay child support. As the Court is unable to review final judgments coming from state court, it is unable to grant Plaintiff relief on his claims.

### 2. Failure to State a Claim

Because the Court lacks subject matter jurisdiction to hear this case, the Court declines to rule on the issue of whether Plaintiff has pled facts giving rise to a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 3. Improper Process and Service of Process

Again, as the Court lacks subject matter jurisdiction to hear the case, the Court declines to rule on the propriety of service of process.

### C. Motion for Injunctive Relief and Motion to Strike Complaint

Because the Court is granting Defendant's motion to dismiss, Plaintiff's Motion for Injunctive Relief (Doc. No. 23) and Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. No. 26) are both DENIED AS MOOT.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Default (Doc. No. 13) is DENIED AS MOOT, Defendant's Motion to Dismiss (Doc. No. 14) is GRANTED, and Plaintiff's Motion for Injunctive Relief (Doc. No. 23) and Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. No. 26) are DENIED AS MOOT. Plaintiff's case is DISMISSED.

The Clerk is respectfully DIRECTED to mail a copy of this Order to Plaintiff's address of record.

IT IS SO ORDERED.

Signed: January 21, 2020

Frank D. Whitney
Chief United States District Judge